1  Jack Silver, Esq. SB#  160575
Email: lhm28843@sbcglobal.net
2  LAW OFFICE OF JACK SILVER
Jerry Bernhaut, Esq. SB# 206264
3  Post Office Box 5469
Santa Rosa, CA 95402-5469
4  Tel.  707-528-8175
Fax.  707-528-8675
5
6  Attorneys for Plaintiff
CALIFORNIA RIVER WATCH

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10  CALIFORNIA RIVER WATCH, a            CASE NO.  8:14-cv-01659
11  501(c)(3) non-profit, public benefit
    Corporation,                          **COMPLAINT FOR INJUNCTIVE**
12                                         **RELIEF, CIVIL PENALTIES,**
                                          **RESTITUTION AND REMEDIATION**
                Plaintiff,                **[Environmental - Clean Water Act 33 U.S.C.**
13          v.                            **§ 1251 *et seq*.]**

14  CITY OF LAGUNA BEACH,

15                Defendant.
                                    /
16

17        NOW COMES plaintiff CALIFORNIA RIVER WATCH a 501(c)(3) nonprofit, public

18  benefit corporation ("RIVER WATCH") by and through its attorneys, and for its Complaint

19  against Defendant CITY OF LAGUNA BEACH ("LAGUNA BEACH") states as follows:

20  **I.      NATURE OF THE CASE**

21  1.      This is a citizens' suit for relief brought by RIVER WATCH under the Federal Pollution

22  Control Act, also known as the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq*., specifically

23  CWA § 505, 33 U.S.C. § 1365, CWA § 301, 33 U.S.C. § 1311 to prevent LAGUNA BEACH

24  from repeated and ongoing violations of the CWA.  These violations are detailed in the Notice

25  of Violations and Intent to File Suit dated June 10, 2014 ("CWA NOTICE") made part of this

26  pleading and attached hereto as EXHIBIT A.

27  2.      RIVER WATCH contends LAGUNA BEACH is routinely violating the CWA by

28  discharging a pollutant from a point source, its wastewater collection system pipelines, without

                                            1
Complaint

1   a National Pollution Discharge Elimination System ("NPDES") Permit, in violation of CWA §

2   301(a), 33 U.S.C. § 1311(a).

3   3.     RIVER WATCH contends LAGUNA BEACH is also routinely violating the Regional

4   Water Quality Control Board, San Diego Region, Water Quality Control Plan ("Basin Plan"),

5   Environmental Protection Agency ("EPA") regulations codified in the Code of Federal

6   Regulations, and toxics standards promulgated by the State Water Resources Control Board, as

7   exemplified by the incidents of unpermitted discharges from its wastewater collection system,

8   as described in the CWA NOTICE.

9   4.     Under 33 U.S.C. § 1251(e), Congress declared its goals and policies with regard to public

10   participation in the enforcement of the CWA.  33 U.S.C. §1251(e) provides, in pertinent part:

11        Public participation in the development, revision, and enforcement of any
           regulation, standard, effluent limitation, plan or program established by the
12        Administrator or any State  under this chapter shall be provided for, encouraged,
           and assisted by the Administrator and the States.
13

14   5.     RIVER WATCH contends LAGUNA BEACH illegally discharges to waters which are

15   habitat for threatened or endangered species as that term is defined by the California EPA and

16   the United States EPA.

17   6.     RIVER WATCH  seeks declaratory relief, injunctive relief to prohibit future violations,

18   the imposition of civil penalties, and other relief for LAGUNA BEACH's violations of CWA

19   § 301, (a) 33 U.S.C. § 1311(a).

20   **II.**    **PARTIES TO THE ACTION**

21   7.     Plaintiff RIVER WATCH is, and at all times relevant to this Complaint was, an Internal

22   Revenue Code § 501(c)(3) non-profit, public benefit corporation duly organized under the laws

23   of the State of California, with headquarters and main office located in Sebastopol, California

24   and mailing address of 290 S. Main Street, #817, Sebastopol, California. RIVER WATCH is

25   dedicated to protect, enhance, and help restore surface and ground waters of California including

26   rivers, creeks, streams, wetlands, vernal pools, aquifers and associated environs, biota, flora and

27   fauna. And to educate the public concerning environmental issues associated with these

28   environs.

2

Complaint

8.     Members of RIVER WATCH live nearby to waters affected by LAGUNA BEACH's illegal discharges as alleged in this Complaint.  Said members have interests in the watersheds identified in this Complaint, which interests are or may be adversely affected by LAGUNA BEACH's violations.  Said members use the effected waters and effected watershed areas for domestic water, recreation, sports, fishing, swimming, hiking, photography, nature walks, spiritual practices, and the like.  Furthermore, the relief sought will redress the injury in fact, likelihood of future injury and interference with the interests of said members.

9.     RIVER WATCH is informed and believes and on such information and belief alleges that Defendant LAGUNA BEACH is, and at all times relevant to this Complaint was, a municipality formed under the laws of the State of California, with  administrative offices  located at 505 Forest Avenue in the City of Laguna Beach, California.

**III.     JURISDICTIONAL ALLEGATIONS**

10.     Subject matter jurisdiction is conferred upon this Court by Section CWA § 505(a)(1), 33 U.S.C. § 1365(a)(1), which states in part that, "any citizen may commence a civil action on his own behalf against any person . . . .who is alleged to be in violation of (A) an effluent standard or limitation . . . . or (B) an order issued by the Administrator or a State with respect to such a standard or limitation."  For purposes of CWA § 505, "the term 'citizen' means a person or persons having an interest which is or may be adversely affected."

11.     Members and supporters of RIVER WATCH reside in the vicinity of, derive livelihoods from, own property near, and/or recreate on, in or near and/or otherwise use, enjoy and benefit from the waterways and associated natural resources into which LAGUNA BEACH discharges pollutants, or by which LAGUNA BEACH's operations adversely affect their interests, in violation of CWA § 301(a), 33 U.S.C.§1311(a). The health, economic, recreational, aesthetic and environmental interests of RIVER WATCH and its members may be, have been, are being, and will continue to be adversely affected by LAGUNA BEACH's unlawful violations of the CWA as alleged in this Complaint.  RIVER WATCH and its members  contend there exists an injury in fact to them, causation of that injury by LAGUNA BEACH's complained of conduct, and a likelihood that the requested relief will redress that injury.

3

Complaint

12.     Pursuant to CWA § 505(b)(1)(A), 33 U.S.C.§1365(b)(1)(A), notice of the CWA violations alleged in this Complaint was given more than sixty (60) days prior to commencement of this lawsuit, to: (a) LAGUNA BEACH, (b) the United States EPA, Federal and Regional, and (c) the State of California Water Resources Control Board.

13.     Pursuant to CWA § 505(c)(3), 33 U.S.C. § 1365(c)(3), a copy of this Complaint has been served on the United States Attorney General and the Administrator of the Federal EPA.

14.     Pursuant to CWA § 505(c)(1, 33 U.S.C. § 1365(c)(1), venue lies in this District as the wastewater collection facilities under LAGUNA BEACH's operation and/or control, and the sites where illegal discharges occurred, which are the source of the violations complained of in this action, are located within this District.

**IV.     GENERAL ALLEGATIONS**

15.     RIVER WATCH  incorporates by reference all the foregoing including the CWA NOTICE as though the same were separately set forth herein.

16.     LAGUNA BEACH owns and operates a wastewater collection system consisting of approximately 95 miles of pipes, 2674 manholes, and 25 wastewater lift stations which serve to pump wastewater into either the Laguna South Orange County Wastewater Authority or Bluebird South Orange County Wastewater Authority lift stations.  The network of sewer pipes and manholes has been built over the course of approximately 90 years. The wastewater collection system serves a population of approximately 22,700, with approximately 3 million visitors annually.

17.     RIVER WATCH alleges LAGUNA BEACH has a history of sewer system overflows ("SSOs") from its aging sewer lines. As recorded in Public SSO Reports on file with the California Integrated Water Quality System ("CIWQS"), the wastewater collection system has experienced 43 SSOs between June 10, 2009 and June 10, 2014, with a combined volume of 71,209 gallons.  Ninety one percent of that volume – 64,848 gallons – was discharged to surface waters.  Structural defects in the collection system, which allow inflow and infiltration ("I/I ") of rain water and ground water  into the sewer lines, result in a buildup of pressure which causes SSOs.  Overflows caused by blockages and I/I result in the discharge of raw sewage into gutters,

4

canals, and storm drains which are connected to adjacent surface waters such as Aliso Creek and the Pacific Ocean, both waters of the United States. For example, a SSO from LAGUNA BEACH's collection system occurred on December 29, 2013 at Crestview place. The reported volume was 250 gallons, 220 gallons of which were reported as reaching a surface water.

18.     In addition to SSOs which discharge over land into surface waters, underground leakages ("exfiltration") caused by pipeline cracks and other structural defects in the collection system result in discharges to adjacent surface waters via underground hydrological connections. RIVER WATCH alleges that such discharges are continuous wherever ageing, damaged, structurally defective sewer lines in the collection system are located adjacent to surface waters, including Aliso Creek and the Pacific Ocean. Surface waters and groundwater become contaminated with fecal coliform, exposing people to human pathogens. These chronic collection system failures pose a substantial threat to public health.

19.     RIVER WATCH alleges that both surface and underground SSOs have ongoing harmful effects on critical habitat in and around the Pacific Ocean and Aliso Creek.

20.     All illegal discharges and activities complained of in this Complaint occur in the waterways named in the CWA NOTICE and in this Complaint, which are navigable waters of the United States within the meaning of CWA § 502(7), 33 U.S.C. § 1362(7); and, at the locations identified in detail in the CWA NOTICE.

21.     The Regional Water Quality Control Board has determined that the watershed areas and affected waterways identified in the CWA NOTICE and this Complaint are beneficially used for water contact recreation, non-contact water recreation, fresh water habitat, wildlife habitat, preservation of rare and endangered species, fish migration, fish spawning, industrial service supply, navigation, and sport fishing.

## V.     STATUTORY AND REGULATORY BACKGROUND

22.     CWA § 301(a), 33 U.S.C. § 1311(a), prohibits discharges of pollutants or activities not authorized by, or in violation of an effluent standard or limitation or an order issued by the EPA or a State with respect to such a standard or limitation including a NPDES permit issued pursuant to CWA § 402, 33 U.S.C. § 1342.  Additional sets of regulations are set forth in the

Complaint

Basin Plan, California Toxics Rule, the Code of Federal Regulations and other regulations promulgated by the EPA and the State Water Resources Control Board.  The wastewater collection system including its sewer lines, owned and operated by LAGUNA BEACH are point sources under the CWA.

23.    The Administrator of the EPA has authorized the Regional Water Quality Control Board to issue NPDES permits, subject to specified conditions and requirements, pursuant to CWA § 402, 33 U.S.C. § 1342.

24.    RIVER WATCH contends LAGUNA BEACH has no NPDES Permit authorizing it to discharge pollutants into navigable waters of the United States within the meaning of the CWA.

**VI.    VIOLATIONS**

25.    RIVER WATCH alleged that unpermitted discharges of untreated sewage from LAGUNA BEACH's wastewater collection system as detailed herein and in the CWA NOTICE are violations of CWA § 301(a), CWA, 33 U.S.C. § 1311(a).  The violations are established in Regional Water Quality Control Board files for the wastewater collection facilities, as well as in studies conducted by LAGUNA BEACH in compliance with orders from regulatory agencies, and enumerated in the CWA NOTICE, designating the section of the CWA violated by the described activity.

26.    The location of the discharges are the discharges points as described herein and in the CWA NOTICE.

**VII.    CLAIM FOR RELIEF**

**Discharges of A Pollutant From a Point Source to Navigable Waters of the United States Within the Meaning of the CWA Pursuant to CWA § 505(a), 33 U.S.C. § 1365(a), CWA § 301(a), 33 U.S.C. § 1311(a).**

27.    RIVER WATCH  realleges and incorporates by reference the allegations of Paragraphs 1 through 26, including the CWA NOTICE as though fully set forth herein.

28.    LAGUNA BEACH has violated and continues to violate the CWA as evidenced by the discharges of pollutants from a point source, namely the sewer lines in LAGUNA BEACH's collection system, to waters of the United States including but not limited to Aliso Creek and the

6

Pacific Ocean, in violation of CWA § 301(a), CWA, 33 U.S.C. § 1311(a).

29.     Violations of the CWA by LAGUNA BEACH are ongoing and will continue after the filing of this Complaint. RIVER WATCH alleges herein all violations which may have occurred or will occur prior to trial, but for which data may not have been available or submitted or apparent from the face of the reports or data submitted by LAGUNA BEACH to the Regional Water Quality Control Board or to RIVER WATCH prior to the filing of this Complaint. RIVER WATCH will amend this Complaint if necessary to address any violations which may occur after the filing of this Complaint.  Each violation is a separate violation of the CWA.

30.     RIVER WATCH avers and believes, and on such belief alleges, that without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, LAGUNA BEACH will continue to violate the CWA as well as State and Federal standards with respect to the discharges and releases enumerated in the CWA NOTICE and herein; and,  that the relief requested in this Complaint will redress the injury to RIVER WATCH and its members, prevent future injury, and protect said members' interests which are or may be adversely affected by LAGUNA BEACH's violations of the CWA, as well as other State and Federal standards.

**VIII.  RELIEF REQUESTED**

31.     Declare LAGUNA BEACH to have violated and to be in violation of the CWA;

32.     Issue an injunction ordering LAGUNA BEACH to immediately operate its wastewater collection system in compliance with the CWA;

33.     Order LAGUNA BEACH to perform the following remedial measures

a.      Repair or replace, within two (2) years, all sewer lines in LAGUNA BEACH's wastewater collection system located within two hundred (200) feet from surface waters, which have been inspected by closed circuit television ("CCTV") within the past five (5) years and were rated as significantly defective (having a rating of 5) under the Pipeline Assessment and Certification Program rating system;

b.      Complete a Surface Water Condition Assessment, by CCTV, within two (2) years, of sewer lines in LAGUNA BEACH's wastewater collection system located within two

Complaint

hundred (200) feet of surface waters, which have not been CCTV'd within the past five (5) years.

c.  Within two (2) years after completion of the Surface Water Condition Assessment, repair and/or replace all sewer lines in LAGUNA BEACH's wastewater collection system found to be Significantly Defective under the PACP rating system;

d.  Beginning no more than one (1) year after completion of the Surface Water Condition Assessment, commencement of a Full Condition Assessment by way of CCTV inspection, of all sewer lines in LAGUNA BEACH's wastewater collection system not within two hundred (200) feet of a surface water, said assessment to be completed within seven (7) years. Any sewer pipe segment found to be Significantly Defective under the PACP rating system to be repaired or replaced within two (2) years of the rating determination.

e.  Modification of LAGUNA BEACH's Backup and SSO Response Plan to include the method or calculations used for estimating total SSO spill volume, spill volume that reached surface waters and estimating spill volume recovered. For Category I Spills, creation of a listing of nearby residents or business owners who have been contacted to attempt to establish the SSO start time, duration, and flow rate, if such start time, duration, and flow rate have not been otherwise reasonably ascertained; and taking of photographs of the manhole flow at the SSO site using the San Diego Method array, if applicable to the SSO, or other photographic evidence that may aid in establishing the spill volume;

f.  Water quality sampling and testing whenever it is estimated that fifty (50) gallons or more of untreated or partially treated wastewater from a SSO enters surface waters. Constituents tested for to include: ammonia, fecal coliform, E. coli and a CAM-17 toxic metal analysis. LAGUNA BEACH shall collect and test samples from three (3) locations: the point of discharge, upstream of the point of discharge, and downstream of the point of discharge. If any of said constituents are found at higher levels in the point of discharge sample and the downstream sample than in the upstream sample, LAGUNA

8

BEACH shall determine and address the cause of the SSO that enters surface waters, and employ the following measures to prevent future overflows: (1) if the SSO is caused by a structural defect, then immediately spot repair the defect or replace the entire line; (2) if the defect is non-structural, such as a grease blockage or vandalism to a manhole cover, then perform additional maintenance or cleaning, and any other appropriate measures to fix the non-structural defect;

g.   Creation of web site capacity to track information regarding SSOs; or, in the alternative, creation of a link from LAGUNA BEACH's website to the CIWQS SSO Public Reports. Notification to all customers and other members of the public of the existence of the web based program, including a commitment to respond to private parties submitting overflow reports;

h.   Performance of human marker sampling on creeks, rivers, and wetlands adjacent to Significantly Defective sewer lines to test for sewage contamination from exfiltration.

i.   Creation by LAGUNA BEACH of a mandatory, private sewer lateral inspection and repair program triggered by any of the following events:

1.   Transfer of ownership of the property if no inspection/replacement of the sewer lateral occurred within twenty (20) years prior to the transfer;

2.   The occurrence of two (2) or more SSOs caused by the private sewer lateral within two (2) years;

3.   A change of the use of the structure served (a) from residential to non-residential use, (b) to a non-residential use that will result in a higher flow than the current non-residential use, and (c) to non-residential uses where the structure served has been vacant or unoccupied for more than three (3) years;

4.   Upon replacement or repair of any part of the sewer lateral;

5.   Upon issuance of a building permit with a valuation of $25,000.00 or more; or,

6.   Upon significant repair or replacement of the main sewer line to which the lateral is attached.

j.   If a mandatory private sewer lateral inspection and repair program is not approved by the

9

Complaint

City Council of LAGUNE BEACH, the implementation of an alternative program which is likely to result in a comparable number of inspections and repairs of privately owned sewer laterals, including but not limited to 1) setting up a grant and/or revolving loan program to provide partial loans for the replacement or repair of private sewer laterals, including installation of a property line cleanout, or 2) negotiating group discount rates for the inspection and repair or replacement of private laterals with the contractor employed to replace the main line to which a group of laterals are attached.

34.     Order LAGUNA BEACH to pay civil penalties of $37,500.00 per violation per day for its  violations of the CWA;

35.     Order LAGUNA BEACH to pay the reasonable attorneys' fees and costs of RIVER WATCH (including expert witness fees), as provided by CWA § 505(d), 33 U.S.C. § 1365(d) and;

36.     For such other and further relief as the court deems just and proper.


DATED: October 10, 2014              LAW OFFICE OF JACK SILVER

                                     _____
                                     JACK SILVER
                                     Attorney for Plaintiff
                                     CALIFORNIA RIVER WATCH

Complaint